ACCELERATED DOCKET JOURNAL ENTRY AND OPINION
{¶ 1} This appeal is before the court on the accelerated docket pursuant to App.R. 11.1 and Loc.App.R. 11.1. Plaintiff-appellant Donna Baltz ("appellant") appeals, pro se, from the judgment of the trial court which adopted the report and recommendation of a magistrate of the Cleveland Municipal Court Housing Division finding in favor of the defendant-appellee Cuyahoga Metropolitan Housing Authority ("CMHA"). For the reasons set forth below, we affirm the judgment of the trial court.
 {¶ 2} On June 5, 2002 appellant filed an application for an order to compel repairs, reduce periodic rent and money damages with the Cleveland Municipal Court Housing Division. On September 23, 2002, a hearing was held before a magistrate, at which time evidence was presented and testimony was taken. On February 18, 2003, a magistrate issued a report and recommendation. The magistrate recommended that because CMHA exterminated the premises and the appellant failed to show compensable damages, the appellant not recover any monetary award. Furthermore, the magistrate ordered that the monies on deposit be released to CMHA. The trial court adopted the findings of the magistrate.
 {¶ 3} The appellant timely filed objections to the magistrate's report and recommendation, asserting that the magistrate failed to consider various facts prior to making his determination. In essence, the appellant's objections disputed the magistrate's findings of fact. CMHA filed a response to the appellant's objections, urging the court to overrule the appellant's objections. On March 7, 2003, the trial court overruled the appellant's objections, finding that the appellant failed to comply with Civ.R. 53(E)(3)(b) by providing a transcript of the proceedings or an affidavit of evidence if a transcript was not available. It is from this ruling that the appellant now appeals, asserting a sole assignment of error for our review.
 I {¶ 4} Appellant essentially contends that the trial court erred in overruling her objections and affirming the determination that shet was not entitled to recovery.
 {¶ 5} Civ.R. 53(E)(3)(b) provides, in relevant part:
 {¶ 6} "[a]ny objection to a finding of fact shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that fact or an affidavit of that evidence if a transcript is not available."
 {¶ 7} Appellant's objections challenged findings of fact reached by the magistrate. Specifically, she challenged the magistrate's findings regarding her landlord's efforts to make various repairs and to eliminate insects in her apartment. The record in this case does not contain any transcript or an affidavit of evidence presented at the hearing. Because appellant failed to support her objections as required by Civ.R. 53 (E)(3)(b), the trial court did not err in overruling her objections and thereafter adopting the magistrate's decision. Furthermore, in the absence of a complete and adequate record, a reviewing court has nothing to pass upon and must presume the regularity of the proceedings and the presence of sufficient evidence to support the trial court's decision.Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197, 199. Appellant's sole assignment of error is without merit.
 {¶ 8} The judgment is affirmed.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Cleveland Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Anne L. Kilbane, P.J., and Timothy E. McMonagle, J., concur.